**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 2 9 2025

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**JORDAN ANDRADE-VALDEZ,**

Defendant.

**Cr. No. 23-1623  MLG**

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, Jordan Andrade-Valdez, with the advice and counsel of his attorney, Frederick D. Jones, Jr. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

   a.     to be prosecuted by indictment;

1

b. to plead not guilty, or having already so pleaded, to persist in that plea;

c. to have a trial by jury; and

d. at a trial:

    1) to confront and cross-examine adverse witnesses,

    2) to be protected from compelled self-incrimination,

    3) to testify and present evidence on the Defendant's own behalf, and

    4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Counts 1-5 of the information, charging violations of:

a. 21 U.S.C. § 846, that being conspiracy;

b. 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), that being distribution of 40 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

c. 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)(i), that being distribution of a detectable amount of heroin;

d. 21 U.S.C. § 860, that being distribution of 400 grams and more of a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), within one thousand feet of the real property of a school, as well as 18 U.S.C. § 2, that being aiding and abetting; and

2

e.  18 U.S.C. §§ 922(g)(5), and 924, that being prohibited person in possession of a firearm and ammunition.

## **SENTENCING**

4.  The Defendant understands that the minimum and maximum penalties provided by law for these offenses are:

  a.  On Count One:

   1)  imprisonment for a period of not less than ten years and not more than life;

   2)  a fine not to exceed the greater of $10 million or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   3)  a term of supervised release of not less than five years and not more than life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   4)  a mandatory special penalty assessment of $100.00; and

   5)  restitution as may be ordered by the Court.

  b.  On Count Two:

3

1) imprisonment for a period of not less than five years and not more than forty years;

2) a fine not to exceed the greater of $5 million or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

3) a term of supervised release of not less than four years and not more than life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

4) a mandatory special penalty assessment of $100.00; and

5) restitution as may be ordered by the Court.

c. On Count Three:

1) imprisonment for a period of not more than 20 years;

2) a fine not to exceed the greater of $1 million or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

3) a term of supervised release of not less than 3 years and not more than life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the

4

Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

4)     a mandatory special penalty assessment of $100.00; and

5)     restitution as may be ordered by the Court.

d.     On Count Four:[1]

1)     imprisonment for a period of not less than ten years and not more than life;

2)     a fine not to exceed the greater of $20 million or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

3)     a term of supervised release of not less than ten years and not more than life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

4)     a mandatory special penalty assessment of $100.00; and

5)     restitution as may be ordered by the Court.

---

[1] *See* 21 U.S.C. § 860(a).

5

e. On Count 5:

    1) imprisonment for a period of not more than fifteen years;

    2) a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    3) a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    4) a mandatory special penalty assessment of $100.00; and

    5) restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any

information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## **ELEMENTS OF THE OFFENSES**

8.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 21 U.S.C. § 846, that being, Conspiracy to Distribute a Controlled Substance:

| | |
|---|---|
| *First*: | Two or more persons agreed to violate the federal drug laws; |
| *Second*: | The defendant knew the essential objective of the conspiracy; |
| *Third*: | The defendant knowingly and voluntarily involved himself in the conspiracy; |
| *Fourth*: | There was interdependence; and |
| *Fifth*: | The overall scope of the conspiracy involved 400 grams and more of fentanyl. |

Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), that being Distribution of 40 Grams and More of a Mixture and Substance Containing Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide):

| | |
|---|---|
| *First*: | The defendant knowingly and intentionally distributed a controlled substance; |
| *Second*: | The substance was in fact fentanyl; and |
| *Third*: | The weight of the fentanyl was at least 40 grams. |

Count 3:  21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Distribution of a Mixture and Substance Containing a Detectable Amount of Heroin:

| | |
|---|---|
| *First*: | The defendant knowingly and intentionally distributed a controlled substance; and |

7

*Second*:     The substance was in fact heroin.

Count 4: 21 U.S.C. § 860, that being Distribution of 400 Grams and More of a Mixture and Substance containing a Detectable Amount of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), Within One Thousand Feet of the Real Property of a School:

*First*:     The defendant knowingly and intentionally distributed a controlled substance;

*Second*:     The substance was in fact fentanyl;

*Third*:     The weight of the fentanyl was at least 400 grams; and

*Fourth*:     The defendant distributed the controlled substance within 1,000 feet of the real property comprising a public or private, elementary, vocational, or secondary school.

This Count also includes a charge of Aiding and Abetting, which has two elements:

*First*:     Someone other than the defendant committed every element of the charged crime; and

*Second*:     The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.

Count 5: 18 U.S.C. §§ 922(g)(5) and 924, that being Prohibited Person in Possession of a Firearm:

*First*:     The defendant knowingly possessed a firearm;

*Second*:     The defendant was an illegal alien;

*Third*:     The defendant knew that he belonged to the category of persons barred from possessing a firearm.

### DEFENDANT'S ADMISSION OF FACTS

9.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and

8

accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a. Between August 19, 2020 and November 29, 2023, I agreed with numerous other drug traffickers to import fentanyl, cocaine, and methamphetamine from Mexico and distribute these drugs in Albuquerque.

b. I knowingly and voluntarily involved myself in the conspiracy. No other person forced me to participate in the conspiracy.

c. I relied on Mexican sources of supply for access to large quantities of drugs. After these drugs arrived in Albuquerque, I directed my brother and another person on where and when to distribute them, although I sometimes handled deliveries personally as well. The Mexican sources of supply relied on me to return profits from drug sales to Mexico. My brother, driver, and others relied on me for regular payments in exchange for their work.

d. I agree that, during the period of the conspiracy, my organization distributed at least 400 grams of fentanyl, at least 500 grams of methamphetamine, and at least 5 kilograms of cocaine.

e. On August 19, 2020, in Albuquerque, I knowingly sold fentanyl to a man I later learned was an undercover law enforcement officer. I admit and agree

9

that the United States could prove beyond a reasonable doubt that the substance I sold was fentanyl and that it weighed more than 40 grams.

f. On September 29, 2020, in Albuquerque, I knowingly sold heroin to a man I later learned was an undercover law enforcement officer. I admit and agree that the United States could prove beyond a reasonable doubt that the substance I sold was heroin.

g. On September 14, 2022, I delivered fentanyl pills to a co-conspirator, with the knowledge that the co-conspirator would in turn sell them to a man we later learned was an undercover law enforcement officer. This transaction, including my delivery of the pills, occurred at 1201 San Pedro Drive SW in Albuquerque, New Mexico, which is within 1,000 feet of Wilson Middle School. I admit and agree that the United States could prove beyond a reasonable doubt that the substance I distributed was fentanyl and that it weighed more than 400 grams.

h. On November 29, 2023, law enforcement agents executed a search warrant at my residence at 101 Reese Street NE in Albuquerque, NM. Within my residence, I possessed two handguns and large amounts of ammunition in various calibers.

i. I knew that I was not permitted to possess these firearms because I was an alien unlawfully present in the United States.

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the

10

facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11.     The United States and the Defendant recommend as follows:

    a.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence within the range of 180 to 210 months of imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.

    b.      The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

    c.      If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The

11

Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

12

16. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek any sentence other than a sentence in the range of 180 to 210 months, as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

17. The Defendant further agrees that this plea agreement has been reached under a joint plea offer, pursuant to which the Defendant and co-Defendant Carlos Andrade-Valdez must plead guilty as a condition of this agreement. If either this Defendant or co-Defendant Carlos Andrade-Valdez fail to plead guilty, or attempts to move to set aside or withdraw from any such guilty plea, the Defendant understands that the United States shall have the right to withdraw from this plea agreement, even after it has been accepted by this Court, and take any action described under the heading Violation or Rejection of Plea Agreement below.

18. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

19. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

20. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

13

## **FORFEITURE**

21.    The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

22.    The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

      a.      $6,265 in cash (N-710);

      b.      $6324 in cash (N-711);

      c.      $2,215 in cash (N-712);

      d.      $2,462 in cash (N-713);

      e.      a Taurus 40 caliber handgun, serial number ABH826957, along with several magazines and .40 caliber ammunition (N-721, N-723, N-724);

      f.      a Colt .45 caliber handgun, serial number CV48945, along with a magazine and .45 caliber ammunition (N-729, N-730, N-731);

      g.      21 rounds of .50 caliber ammunition (N-727);

      h.      35 rounds of .380 caliber ammunition (N-720);

      i.      38 rounds of .380 caliber ammunition (N-722); and

      j.      44 rounds of 5.56 caliber ammunition, along with related magazines (N-714, N-728);

      k.      a black Samsung smartphone (N-700);

      l.      a Motorola smartphone with a clear case (N-701);

      m.      a black iPhone X (N-702);

n.      a black Samsung Galaxy smartphone (N-703)

o.      a silver iPhone (N-704);

p.      a grey Cricket smartphone (N-705);

q.      a black iPhone (N-706);

r.      a black iPhone (N-707);

s.      a purple iPhone (N-708); and

t.      a blue Redmi phone (N-709).

23.     The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

24.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

25.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment

15

to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

J.A —✗— DBH

**CONSENT TO REMOVAL**

to the Republic of Mexico/ United Mexican States

26.     The Defendant consents to removal from the United States following the completion of the Defendant's sentence. The Defendant further agrees to waive rights relating to any and all forms of relief from removal or exclusion, to abandon any pending applications for such relief, and to cooperate with the Department of Homeland Security during removal proceedings.

**WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS**

27.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

28.     The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

29.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

16

30. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

31. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss the current superseding indictment as against Defendant.

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information, including potential firearms-related charges.

    c. The United States will not bring criminal charges against Brianna Sandoval arising out of the facts forming the basis of the present information.

## VOLUNTARY PLEA

32. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

33. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement. In such a case, or where the Court has rejected the plea

17

agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

34. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

35. Following the Court's finding of a breach of this agreement by the Defendant, or rejection or functional rejection of the agreement by the Court, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and such event.

## SPECIAL ASSESSMENT

36. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $400 in payment of the special penalty assessment described above.

18

## ENTIRETY OF AGREEMENT

37.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties. This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 24ᵗʰ day of _October_ , 2025.

> RYAN ELLISON
> Acting United States Attorney
>
>
> _____
> David B. Hirsch
> Assistant United States Attorney
> 201 Third Street, Suite 900
> Albuquerque, New Mexico   87103
> (505) 346-7274

I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

> _____
> Frederick D. Jones, Jr.
> Attorney for the Defendant

This agreement has been read to me in a language I understand. I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

> _____
> Jordan Andrade-Valdez
> Defendant

19